In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, First Department.    April 7, 1911.)

INTOXICATING LIQUORS (§ 106*) — CERTIFICATE — CANCELLATION — DISORDERLY HOUSE.

A liquor tax certificate *held* properly set aside, where the evidence showed that the premises had become and remained disorderly.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 106.*]

Appeal from Special Term, New York County.

In the matter of the petition of Maynard N. Clement, as State Commissioner of Excise, for an order canceling liquor tax certificate No. 5,292, issued to Elise Ruehl.    From an order denying the petition, petitioner appeals.    Reversed, and petition granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

H. H. Kellogg, for appellant.
William H. Baker, for respondent.

SCOTT, J.    This is a proceeding to revoke a liquor tax certificate, upon the ground that the respondent, the holder of the certificate, had permitted the premises designated in said certificate "to become, be, and remain disorderly, and did maintain such premises as a place for persons to visit for lewd, obscene, and indecent purposes, and did keep and maintain the same as a disorderly house and a house of ill fame, and as a place of public resort by lewd women and prostitutes for illicit sexual intercourse, whereby the decency of the neighborhood was habitually disturbed."    The proceeding was instituted by the State Commissioner of Excise.    The testimony adduced by the petitioner was that of several special agents of the excise department and of some policemen.    The former testified to occurrences which they had observed on divers occasions during the months of February, March, and April, 1910, and the policemen testified to the character of certain women whom they had seen on the premises.    The learned justice at Special Term, before whom the application was heard, accepted the testimony of the petitioner's witnesses as "substantially true," but considered that their evidence fell "far short of establishing that acts of disorder were so general as to warrant a finding that the premises were disorderly."

We agree with him in accepting the evidence of the petitioner's witnesses, for there is nothing in the case to discredit them; but we cannot concur in his conclusion that such evidence is insufficient to es-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tablish the allegations of the petition. The evidence is of such a character that decency forbids any attempt even to summarize it. It is sufficient to say that it shows that the premises, which were under the management of an ex-prize fighter, were the resort of professed prostitutes, who plied their arts of invitation and seduction, in the frankest and most disgusting manner, under the very eyes of the employés of the place, who made no attempt to interpose restraint or reproof. A portion of the premises was filled up with partly inclosed booths or cubicles, well designed to lend themselves to the disorderly practices of the habitués of the place, and which were apparently freely used for such purposes. In the face of such evidence as this, it is of little moment that some apparently respectable people also, at times, resorted to the premises, or that some policemen who had occasion to visit the place never happened to see anything disorderly, or that the manager and his employés testified that they had never observed any indelicate or improper actions on the part of any patrons. If the latter did not see, it could only have been because they would not.

Of course, we are not influenced by the absurd suggestion, so often made in cases like the present, that this place was no worse than any other hotel, restaurant, or other place of public resort, because the best of such places, no matter how carefully managed, may at times be visited by immoral persons. That is true, of course; but it is not true that such places would permit avowed prostitutes to openly ply their trade therein, which is precisely what was allowed in the present case. If such practices as were permitted in this place were permitted in any other, the liquor tax license of that other ought equally to be revoked.

The order appealed from must be reversed, with $10 costs and disbursements, and the prayer of the petitioner granted, with costs. All concur.